UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DR. DAMIAN MEDICI,

    *Plaintiff,*

v.

LIFESPAN CORPORATION,
RHODE ISLAND HOSPITAL, and MICHAEL SUSIENKA,

    *Defendants.*

CIVIL ACTION NO. 16-cv-10289-ADB

## MOTION FOR TRANSFER TO DISTRICT OF RHODE ISLAND

Pursuant to 28 U.S.C. § 1404, the plaintiff, Dr. Damian Medici ("Medici"), hereby moves to have this matter transferred to the United States District Court for the District of Rhode Island such that Medici will be able to pursue his claims against both defendants Lifespan Corporation ("Lifespan") and Michael Susienka ("Susienka") as well as dismissed defendant Rhode Island Hospital ("RIH") in the same action and in a forum more convenient to the defendants. In support, Medici states as follows:

1.    As he is a Massachusetts resident, Medici originally chose this district to commence this lawsuit. However, all five original defendants are based in Rhode Island and three of them, RIH, Dr. Peter Snyder ("Snyder"), and Dr. John Murphy ("Murphy"), moved to dismiss on personal jurisdiction grounds.

2.    After Medici voluntarily dismissed Snyder and Murphy without prejudice (Document 33),[1] the Court allowed RIH's motion on personal jurisdiction grounds. In so ruling, the Court invited Medici to move to transfer the case to the District of Rhode Island, stating:

---

[1] Medici has no plans on adding Snyder and Murphy back into the case.

> Should he wish, Medici is granted leave to move for dismissal without prejudice or to transfer the case to the District of Rhode Island.

*Memorandum of Decision, Document 37, at 23 n. 10.*

3. The case was then stayed due to administrative exhaustion concerns until May 4. On that date, the Court denied Medici's motion to add RIH back into the case as a necessary party and ordered the two remaining defendants, Lifespan and Susienka to answer the Amended Complaint within 21 days.

4. On May 25, 2017, Lifespan and Susienka answered the Amended Complaint.

5. The scheduling conference is set for June 6 at 10:00 a.m. and discovery has not yet commenced.

6. While undersigned counsel is not admitted to practice in Rhode Island, if this matter were transferred to the District of Rhode Island, all counsel would be authorized to practice in that court. General Rule 201(b) of the Local Rule s for the United States District Court for Rhode Island provide, in pertinent part:

> **(b) Exceptions to Requirement of Membership**. Notwithstanding the provisions of subsection (a), the following individuals may appear and/or practice before this Court:
> …
>
> **(5) Attorneys in Transferred Cases.** An attorney who is a member in good standing of the bar of another federal district court, and who represents a party in a case transferred to the District of Rhode Island from another district, may appear and practice in this Court in that case.

7. Undersigned counsel certifies that he is a member of the bar of the Commonwealth of Massachusetts and of this Court in good standing. Accordingly, if this matter is transferred to the District of Rhode Island, he will be permitted to represent Medici. Also, counsel for the defendants will also be permitted to continue representing their clients.

8.      Transfer of venue to a different judicial district is governed by 28 U.S.C. § 1404(a), which provides that a district court may transfer a civil action to any other district or division where it might have been brought, "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Section 1404 "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.' " *Astro–Med, Inc. v. Nihon Kohden Am., Inc.,* 591 F.3d 1, 12 (1st Cir. 2009) (quoting *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988)).

9.      Here, transfer of this action to the District of Rhode Island is in the interests of justice and the convenience of the parties. It will allow Medici to pursue both Lifespan and RIH in the same lawsuit, conserving judicial resources and the time and expenses of all the parties. Virtually all witnesses are located in Rhode Island and the controversy itself is centered in Rhode Island, as the defendants repeatedly pointed out in seeking dismissal on personal jurisdiction grounds. As undersigned counsel will be permitted to represent Medici if this action is transferred from this Court to the District of Rhode Island, and given that discovery has not yet begun, transfer at this time makes sense and is in the interests of justice and the convenience of the parties.

WHEREFORE, the plaintiff requests that the Court, pursuant to 28 U.S.C. § 1404, transfer this case to the United States District Court for the District of Rhode Island.

                                                Respectfully submitted,
The Plaintiff,
**DR. DAMIAN MEDICI,**
By his attorney,

*/s/ William T. Harrington*
William T. Harrington (BBO# 564445)
171 Milk Street, 2nd Floor
Boston, MA 02109
(617) 426-7400
wharringtonlaw@gmail.com

Dated:  May 31, 2017

3

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), undersigned counsel certifies that, on May 25, 2017, he inquired of counsel for the defendants, Rachel Wertheimer, as to whether Lifespan, RIH, and Susienka would agree to transfer the matter to the District of Rhode Island and that on May 26, Attorney Wertheimer called and said that the defendants would not agree to a transfer.

*/s/ William T. Harrington*

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants via first class mail, postage prepaid, on this date.

*/s/ William T. Harrington*