UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DR. DAMIAN MEDICI,<br><br>   *Plaintiff,*<br><br>v.<br><br>LIFESPAN CORPORATION,<br>RHODE ISLAND HOSPITAL, and MICHAEL SUSIENKA,<br><br>   *Defendants.* | C.A. NO. 17-cv-00265-M-PAS |

## **PLAINTIFF'S MOTION TO EXTEND DEADLINES BY 60 DAYS**

The plaintiff, Dr. Damian Medici, hereby moves to extend the deadlines in the Court's June 15, 2017 Scheduling Order as follows:

| | *Current Deadline* | *Proposed Deadline* |
|---|---|---|
| Factual Discovery | 3/14/2018 | 5/14/2018 |
| Plaintiff's Expert Disclosures | 4/13/2018 | 6/13/2018 |
| Defendant's Expert Disclosures | 5/14/2018 | 7/13/2018 |
| Expert Discovery Close | 6/14/2018 | 8/14/2018 |
| Dispositive Motions | 7/13/2018 | 9/13/2018 |

In support, the plaintiff states that, despite the parties working diligently on completing discovery, complications in scheduling depositions with medical professionals and outstanding discovery issues necessitate that the discovery period be extended by 60 days, and that the subsequent deadlines likewise be extended. To date, one deposition has been conducted with additional depositions set to be conducted on February 13, 14, March 1, and April 25. The parties are in the process of trying to schedule four other depositions. In addition, plaintiff will likely depose two or three other witnesses.

There are also some outstanding discovery issues that may delay completion of discovery. Defendants Lifespan inadvertently failed to answer eleven interrogatories propounded on it. When it answered the interrogoaries in October, it failed to realize that the set propounded on it was not identical to the one propounded on defendant Rhode Island Hospital ("RIH") such that it failed to answer eleven separate interrogatories. Undersigned counsel requested a complete answer on January 4 and Lifespan's complete answers were expected by February 7. However, such answers have not yet been produced but are expected any day. Once those are answered, plaintiff may wish to issue a new set of interrogatories. Any further delay in their answers may cause delays in depositions. In addition to this, the defendants provided a privilege log on January 24 and, on February 5, undersigned counsel provided a letter to defense counsel objecting to the assertion of privilege with respect to numerous documents. While the parties hope that the issues raised can be resolved without resort to the Court, if resolution is not forthcoming, a motion to compel may be filed, which could further delay the completion of discovery.

The plaintiff believes that extending discovery by two months will enable the parties to complete discovery and that the extension of the other deadlines is likewise necessary.

Undersigned counsel represents that he has sent a draft of this Motion to defense counsel and that defense counsel has indicated that the defendants do not oppose the requested extension of deadlines.

WHEREFORE, the plaintiff respectfully moves to extend the deadlines set forth in the Court's June 15 Scheduling Order by 60 days, consistent with the dates set forth above.

        Respectfully submitted,
        The Plaintiff,

        **DR. DAMIAN MEDICI,**
        By his attorney,

        */s/ William T. Harrington*
        William T. Harrington (BBO# 564445)
        171 Milk Street, 2nd Floor
        Boston, MA 02109
        (617) 426-7400
        wharringtonlaw@gmail.com

Dated:  February 12, 2018

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants via first class mail, postage prepaid, on this date.

        */s/ William T. Harrington*