UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DR. DAMIAN MEDICI,<br><br>    *Plaintiff*<br><br>v.<br><br>LIFESPAN CORPORATION,<br>RHODE ISLAND HOSPITAL, and<br>MICHAEL SUSIENKA,<br><br>    *Defendants.* | Civil Action No. 1:17-cv-00265-M-PAS |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR**
**MOTION TO MODIFY SUBPOENA DUCES TECUM**

Defendants Lifespan Corporation ("Lifespan"), Rhode Island Hospital ("RIH") and Michael Susienka ("Susienka") submit this reply brief in further support of their motion to modify Plaintiff Dr. Damian Medici's subpoena duces tecum to Brown University (the "Subpoena") in the above-captioned matter. The Subpoena should be modified to exclude all documents and information beyond the scope of Rule 26(b)(1).[1]

Plaintiff's Subpoena to Brown seeks all communications between and among a list of individuals, some of whom were involved in the research misconduct proceeding or research that is the subject of this action, and some of whom had no involvement whatsoever. Moreover, the subpoena seeks communications among individuals who were friends and colleagues and who used their email accounts to correspond in that capacity. Defendants do not seek to preclude Plaintiff from obtaining documents and other information that is relevant to this action (as falsely

---

[1] Defendants move to modify the Subpoena on the grounds that Defendant Susienka's student file was protected by statute. On May 15, Brown produced Susienka's student file, mooting that portion of Defendants' motion. Brown also produced a copy of Susienka's lab notebook relating to his work in Dr. Jeffrey Morgan's laboratory, mooting that portion of Defendants original motion as well.

1

asserted by Plaintiff in his opposition to Defendants' Motion), but seek only to limit the documents and information that must be produced consistent with the Federal Rules of Civil Procedure.

Plaintiff's assertion that all communications between the specified individuals are relevant is wholly unsupported. For example, Plaintiff argues that communications between Mr. Susienka and his lab co-workers Diana Ramirez and Melissa Ramirez, are all relevant (regardless of the subject matter of the communication) because "directly relate to the research being conducted in Dr. Medici's lab during a crucial period, as well as their relationships with each other, and their communications concerning Dr. Medici." Documents relating to Dr. Medici's research and communications with Medici may be relevant, but documents relating to the individuals' "relationship" generally are irrelevant to this proceeding and should not be produced. Similarly, all communications with Dr. Ciombor, for whom Mr. Susienka worked for approximately one year, are not relevant unless they relate to the issues at hand.

In sum, Plaintiff should be permitted to receive only those documents to which he is entitled under the Federal Rules, which are documents that have a tendency to make a fact that is "of consequence in determining the action" more or less probable than it would be without the evidence. F.R.E. 401. The Subpoena should be modified to limit the production of documents to communications between the specified individuals that relates to the research misconduct investigation or the research that was the subject of that investigation and to exclude communications exchanged between colleagues and friends on other, irrelevant subjects.

Dated: May 23, 2018

/s/ Rachel M. Wertheimer
Rachel M. Wertheimer, BBO # 625039
VERRILL DANA LLP
One Portland Square
P.O. Box 586
Portland, Maine 04112-0586
(207) 774-4000
rwertheimer@verrilldana.com

and

Paul W. Shaw, BBO # 455500
VERRILL DANA, LLP
One Boston Place, Suite 1600
Boston, MA 02108
(617) 309-2600
pshaw@verrilldana.com

DEFENDANTS LIFESPAN
CORPORATION, RHODE ISLAND
HOSPITAL and MICHAEL SUSIENKA