UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DR. DAMIAN MEDICI, <br><br> *Plaintiff* <br><br> v. <br><br> LIFESPAN CORPORATION, <br> RHODE ISLAND HOSPITAL, and <br> MICHAEL SUSIENKA, <br><br> *Defendants.* | Civil Action No. 1:17-cv-00265-M-PAS |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR
<u>MOTION FOR LETTERS ROGATORY</u>**

Defendants Lifespan Corporation ("Lifespan"), Rhode Island Hospital ("RIH") and Michael Susienka ("Susienka") submit this reply brief in further support of their motion for the issuance of letters rogatory for the purpose of deposing Dr. Logan Walsh, a resident of Montreal, Canada.

Plaintiff's opposition to the motion is based entirely on the fact that Dr. Walsh was known to Defendants and that the motion was filed nine days after the close of discovery. While Defendants were surely aware of Dr. Walsh since the inception of the investigation that forms the basis for this litigation, it was not until Plaintiff served Defendants with an affidavit on Friday, May 4 – just ten days before the close of discovery — that the need to depose Dr. Walsh became apparent. In that affidavit,[1] Dr. Walsh states that in or around October 2015, Dr. Medici "provided data files representing the original experimental results" for experiments discussed in the Walsh Manuscript, which manuscript forms the basis for two of four allegations of research

---

[1] Exhibit A to Declaration of Paul W. Shaw (ECF No. 67-3).

misconduct investigated by Lifespan and RIH.  Defendants requested that plaintiff produce all data files relating to those experiments in its document requests to plaintiff, propounded eleven months ago.  Although Plaintiff's counsel represented that all responsive documents have been produced, Plaintiff testified on May 4, the same day the Walsh Affidavit was produced, that he could not recall if he had reviewed all potential locations for such files and that he could not confirm that all data files had in fact been produced.  Dr. Walsh's assertion that he was provided with data files makes his deposition critical.

Contrary to Plaintiff's assertion, Defendants' decision to seek Dr. Walsh's decision was not driven by Plaintiff's service of its expert report.  Indeed, Defendants' counsel commencd its search for Canadian counsel to assist with the motion for letters rogatory on May 7, a week before Plaintiff served its expert report.

Most significantly, Plaintiff will suffer no prejudice should one deposition be taken beyond the discovery deadline.  The deposition will not require the extension of any other deadlines, and thus will not affect Plaintiff's desire that this case "finally be adjudicated."[2]  Moreover, other discovery, including discovery sought by Plaintiff, remains outstanding.  This discovery includes responses to subpoenas served on Brown University, Harvard University, and responses to document requests served by Defendants.  With this discovery still outstanding, the taking of one additional deposition will not serve to "reopen" discovery or affect the speedy adjudication of this case.

Finally, Plaintiff's complaints regarding the cost of the deposition are irrelevant.  Defendants are in their right to take properly noticed depositions wherever the witnesses may be

---

[2] Significantly, it was Plaintiff, not Defendants, that sought an earlier extension of the discovery deadline.

found. Moreover, it is Plaintiff, not Defendants, that have driven the costs of depositions in this matter, taking seven depositions to Defendants have taken a single deposition to date.

For these reasons, the Court should grant Defendants' Motion and permit the deposition of Dr. Walsh to proceed.

Dated:   May 31, 2018

/s/ Rachel M. Wertheimer
Rachel M. Wertheimer, BBO # 625039
VERRILL DANA LLP
One Portland Square
P.O.  Box 586
Portland, Maine 04112-0586
(207) 774-4000
rwertheimer@verrilldana.com

and

Paul W. Shaw, BBO # 455500
VERRILL DANA, LLP
One Boston Place, Suite 1600
Boston, MA 02108
(617) 309-2600
pshaw@verrilldana.com

DEFENDANTS LIFESPAN CORPORATION, RHODE ISLAND HOSPITAL and MICHAEL SUSIENKA

11600597_1