UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DAMIAN MEDICI,

        *Plaintiff,*

v.

LIFESPAN CORPORATION,
RHODE ISLAND HOSPITAL,
and MICHAEL SUSIENKA,

        *Defendants.*

C. A. NO. 17-cv-00265-M-PAS

## PLAINTIFF'S MOTION TO STRIKE CERTAIN EXHIBITS AND CERTAIN ASSERTED UNDISPUTED FACTS

The Plaintiff moves to strike Defendants' Exhibits 67-69 (which have now been filed under seal) and Defendants' Asserted Facts 151-160 that are set forth in the Defendants' Statement of Undisputed Material Facts. In support, the Plaintiff states that such materials are confidential under federal law; irrelevant to any issue relating to the Defendants' pending Motion for Summary Judgment, and constitute inadmissible hearsay.

### 1.    Confidential Under Federal Law

Each hospital and research university receiving federal funds for biomedical research must comply with the Department of Health and Human Services' regulations located at 42 C.F.R. Part 93, entitled the "Public Health Services Policies on Research Misconduct" (the "Regulations"). Under the regulatory scheme, institutions have the "primary responsibility for responding to and reporting allegations of research misconduct." 42 CFR § 91.100(b).

Recognizing the serious nature of institutional research misconduct proceedings and the risk that allegations can destroy a researcher's reputation, the Regulations impose strict

confidentiality obligations on institutions, mandating that the "[d]isclosure of the identity of respondents and complainants in research misconduct proceedings is limited, to the extent possible, to those who <u>need to know</u>, consistent with a thorough, competent, objective and fair research misconduct proceeding, and as allowed by law." Id. at § 93.108(a) (Emphasis added).

Here, the plaintiff was the subject of a research misconduct proceeding which was conducted by defendant Lifespan. At some point, certain allegations were referred to the defendant's prior institution. Later, defendant Susienka came forward with more allegations and those were referred to the prior institution as well. During this litigation, the defendants requested that the plaintiff produce documents relating to the prior institution's confidential research misconduct proceeding. After the plaintiff objected, the parties engaged in a telephonic hearing with the Court, where discovery of the materials was allowed but it was ordered that the materials would remain confidential and be subject to the protective order issued by the court (ECF Doc 62).

In moving for summary judgment, the Defendants have filed numerous exhibits, including Exhibits 67-69, which relate to the plaintiff's former institution's research misconduct proceeding. While these documents were originally filed conventionally, when undersigned counsel notified defense counsel that the documents were subject to the Protective Order, the documents have since been filed under seal. However, while the documents themselves are sealed, the Defendants' Statement of Material Undisputed Facts discloses confidential information. Consistent with the Regulations' mandate of confidentiality, both the Exhibits (Exhibits 67-69) and their corresponding Asserted Facts (Nos. 151-160) should be struck.

**2.**    <u>**Not Relevant**</u>

In addition, whether another institution preliminarily regards evidence concerning

different allegations is simply not relevant to any issue related to the pending Motion for Summary Judgment. A review of Asserted Facts 151-160 make clear that the Defendants are trying to rely on how, according to the Defendants, the other institution has apparently preliminarily assessed evidence on different allegations. Whether the defendants should be held liable for their conduct in 2014 and 2015 should be based on their conduct in the underlying proceeding at Lifespan. Research misconduct cases should be decided on their merits, on a case by case basis. What has occurred at the other institution is simply not relevant and how the other institution may or may not be assessing the evidence is not relevant either.

**3.**     **Inadmissible Hearing**

The three sealed documents should also be struck as they constitute inadmissible hearsay. So too for the Asserted Facts that rely on them. The defendants are trying to use the sealed exhibits to argue that if the other institution, at a preliminary stage, has credited the allegations to some degree that is evidence that the allegations that stayed at Lifespan were true. That is hearsay. It also appears that the he Defendants are trying to use the sealed documents to relate what the Plaintiff may have said. The other institution's statement as to what the Plaintiff may have represented is hearsay as well.

WHEREFORE, the plaintiff requests that the Court Strike defendants' Exhibits 67-69 and Asserted Facts Nos. 151-160.

Respectfully submitted,

The Plaintiff,

**DAMIAN MEDICI,**
By his attorney,

*/s/ William T. Harrington*
William T. Harrington (BBO# 564445)
738 Main Street
Hingham, MA 02043
(781) 385-7230
wharringtonlaw@gmail.com

Dated:  October 19, 2018

### CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants via first class mail, postage prepaid, on this date.

*/s/ William T. Harrington*