UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DR. DAMIAN MEDICI, *Plaintiff* v. LIFESPAN CORPORATION, RHODE ISLAND HOSPITAL, and MICHAEL SUSIENKA, *Defendants*. | Civil Action No. 1:17-cv-00265-M-PAS |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendants Lifespan Corporation, Rhode Island Hospital and Michael Susienka ("Defendants") submit this Reply Memorandum in Further Support of Their Motion to Dismiss for Lack of Subject Matter Jurisdiction.

**I. PLAINTIFF'S COMPLAINT DOES NOT RAISE FEDERAL ISSUES SUFFICIENT TO CONFER SUBJECT MATTER JURISDICTION.**

There is no dispute that Plaintiff's Complaint references the federal regulations governing research misconduct or that Lifespan's Research Misconduct Policy was adopted pursuant to those regulations. Plaintiff apparently believes that these undisputed facts are sufficient to confer subject matter jurisdiction over his Complaint. However, under the unambiguous rulings of the Supreme Court and the courts of this Circuit the mere existence of federal issues is not enough. Instead, those issues must be "actually disputed" and "substantial," *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005), meaning that the issues must be "pure issues of law" and not "fact-bound and situation-specific." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 700-01 (2006).

1

The crux of Plaintiff's Complaint is that the manner in which Lifespan conducted its investigation into Plaintiff's research misconduct violated Lifespan's Research Misconduct Policy which, according to Plaintiff, should be interpreted in reference to the regulations pursuant to which they were adopted.[1] Such a claim is quintessentially "fact-bound and situation-specific," since it involves whether the particular actions taken by Lifespan met or failed to meet the requirements of its Research Misconduct Policy.[2] A determination by this Court on that issue will have no application beyond the facts of Plaintiff's particular case. Moreover, it is far from clear that the federal issues that might exist — the interpretation of particular regulations governing research misconduct investigations — are "actually disputed." The parties do not dispute that the federal research misconduct regulations apply to Lifespan. Nor has Plaintiff identified any particular regulations over whose interpretation the parties disagree, much less one that will determine the outcome of this case. For that reason, this case does not raise a federal issue sufficient to confer subject matter jurisdiction. *See Municipality of Mayaguez v. Corporacion Para el Desarrollo Del Oester, Inc.*, 726 F.3d 8, 14 (1st Cir. 2013) (breach of contract claim that necessitated determination as to whether defendant had violated HUD regulations did not give rise to federal question jurisdiction because the claim did not "turn

---

[1] Plaintiff does not assert a claim for violation of those regulations, nor could he given that the regulations do not create a private right of action. *See Buck v. American Airlines, Inc.*, 476 F.3d 29, 33 (1st Cir. 2007) ("Regulations alone cannot create private rights of action; the source of the right must be the statute.") (citing *Alexander v. Sandoval*, 532 U.S. 275, 291 (2001)); *Yuan v. Johns Hopkins Univ.*, 135 A.3d 519, 532 (Md. Ct. Spec. App. 2016) (holding that the statute does not create a private right of action for a whistleblower to challenge the alleged violation of the regulations). Instead, Plaintiff's claim sounds in breach of contract, i.e. breach of his employment agreement and the Research Misconduct Policy.

[2] Defendants do not concede that Plaintiff has a valid claim for breach of Lifespan's Research Misconduct Policy. *See* Defendants' Motion for Summary Judgment [Dkt. No. 74], at 28-40.

on a new interpretation of a federal statute or regulation which will govern a large number of cases").

The cases cited by Plaintiff to support his assertion of federal question jurisdiction in fact illustrate why such jurisdiction does not exist here.  In *One and Ken Valley Housing Group v. Maine State Housing Authority*, 716 F.3d 218 (1st Cir. 2013), the plaintiff landlords alleged that the defendant state agency had failed to grant the annual adjustments to their Section 8 payments that were required by HUD regulations.  Specifically recognizing that federal jurisdiction exists over cases that "present a nearly pure issue of law that could be settled once and for all and thereafter would govern numerous cases," the court found federal question jurisdiction because a decision on the issue raised by the plaintiffs — the extent to which annual adjustments were mandated — would dictate the outcome in numerous other cases filed by landlords across the country.  *Id.* at 225.  In *Rhode Island Fisherman's Alliance, Inc. v. Rhode Island Department of Environmental Management*, 585 F.3d 42, 49 (1st Cir. 2009), the court found federal question jurisdiction because the issue raised by the plaintiff's complaint — whether a state regulation governing lobster trap allocation that used retroactive control dates was required by the federal statue governing fisheries management — turned "exclusively" on the interpretation of federal law.  Neither case supports the exercise of jurisdiction here, where resolution of the federal issues, to the extent they exist, is not enough to determine the outcome of this case or any other case.

With the vast weight of the law against him, Plaintiff's steadfastly relies on the First Circuit's decision in *Anversa v. Partners Healthcare System, Inc.*, 835 F.3d 167 (1st Cir. 2016), because of the factual similarities between the claims asserted there and here.  However, as noted in Defendants' Reply Memorandum in Further Support of its Motion for Summary Judgment

[Dkt. No. 90], the issue before the *Anversa* court at the time it addressed its subject matter jurisdiction was vastly different from the issues before this Court.  The *Anversa* decision addressed whether the plaintiffs should be required to await ORI review of Harvard's then in-process research misconduct investigation before proceeding on their breach of contract and tort claims.  The *Anversa* court did not address the viability or merits of any of Plaintiff's claims relating to the manner in which Harvard conducted its research misconduct investigation, instead holding that ORI (i.e. federal) review of Harvard's research misconduct findings was a necessary precondition to proceeding on those claims.  The *Anversa* court found that it had the jurisdiction to address the exhaustion issue because doing so required the Court to consider "the importance of [the research misconduct] regulations to the Congressional scheme."  835 F.3d at 174 n.5.

As Plaintiff notes, Defendants argued that the District of Massachusetts (Burroughs, J.), where this case was pending at the time, should follow the reasoning of *Anversa* and stay this action pending ORI review of Lifespan's findings of research misconduct.  However, Judge Burroughs largely disagreed, entering a two-month stay to permit ORI to complete its review or otherwise intervene in the proceedings, and then lifting the stay when ORI had not taken the required action.[3]

Given that the stay in this case was long-ago lifted and that Plaintiff has proceeded on his state law claims, this case is no longer in the posture it was in when Defendants argued that the determination of Plaintiff's claims must await federal intervention, and it is no longer in the posture of the *Anversa* case when the First Circuit issued its decision addressing subject matter jurisdiction.  As this case stands now, it raises standard state law claims, none of which depend

---

[3] Defendants understand that ORI is waiting for Harvard to complete its investigation into Plaintiff's research misconduct so that it may review the two investigations in tandem.  Based on Plaintiff's responses to Defendants' discovery requests, it appears that Harvard has yet to complete its investigation.

on the resolution of a federal question and none of which is sufficiently substantial to give rise to federal question jurisdiction. For this reason, Plaintiff's claims do not confer subject matter jurisdiction on this Court.

## II.   THE COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS.

Plaintiff argues that, even if the Court finds that Plaintiff's claims raise no federal question, the Court should use its discretion to exercise supplemental jurisdiction over Plaintiff's state law claims. While dismissal of federal claims does not necessitate dismissal of state law claims in every case, the Supreme Court and courts of this Circuit have held that where the dismissal of the federal claim occurs before trial, dismissal of the state law claims is appropriate. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state law claims should be dismissed as well."); *Camelio v. American Federation*, 137 F.3d 666, 672 (1998) (dismissal of state law claims is appropriate where federal claims dismissed before trial); *Paye v. Wall,* No. C.A. 17-193 WES, 2018 WL 463119, at *4 (D.R.I. Sept. 27, 2018) (same); *D'Ambra v. City of Providence*, No. C.A. 11-600-M, 2013 WL 690605, at *1 (D.R.I. Feb. 25, 2013) (McConnell, J.) (holding that the court should not exercise its supplemental jurisdiction where the federal claims are dismissed before trial). Indeed, in each of the cases cited by Plaintiff — *Miller v. Town of Wenham Massachusetts*, 833 F.3d 46, 56 (1st Cir. 2016), *Camelio*, 137 F.3d 666, and *Desjardins v. Willard*, 777 F.3d 43, 45-46 (1st Cir. 2015) — the court declined to exercise supplemental jurisdiction over the plaintiff's remaining state law claims.

None of the factors identified by Plaintiff — the fact that this case has been pending since February 2016, that discovery has been completed and that summary judgment briefing is

complete — distinguish this case from other cases in which courts have declined to exercise their supplemental jurisdiction after the dismissal of the federal claims. Indeed, in *Flowers v. Fiore*, 239 F. Supp. 2d 173 (D.R.I. 2003), this Court declined to exercise supplemental jurisdiction after the plaintiff's federal claims were dismissed on a motion for summary judgment — a procedural posture this case has yet to achieve.[4]

In sum, there is no basis for the Court to exercise its supplemental jurisdiction over Plaintiff's state law claims.

## CONCLUSION

For the reasons set forth herein and in Defendants' Reply Memorandum in Further Support of its Motion for Summary Judgment, Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.

---

[4] Nor is the fact that Plaintiff might choose to refile his case in this or another federal court a valid basis to exercise supplemental jurisdiction. In *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004), the Supreme Court entertained a similar argument in the context of evaluating diversity jurisdiction. In *Grupo*, the Court considered whether it should dismiss a case for lack of diversity jurisdiction where the citizenship of the parties at the time the motion to dismiss for lack of subject matter jurisdiction met the diversity requirements of 28 U.S.C. § 1332. The Court dismissed the case despite the fact that the dismissal would likely be followed by refiling and "an almost certain replay of the case," on the grounds that applicable statutes and the Court's precedent required dismissal. *Id.* at 581.

Dated:    December 5, 2018

/s/ Rachel M. Wertheimer
Rachel M. Wertheimer, BBO # 625039
VERRILL DANA LLP
One Portland Square
P.O.  Box 586
Portland, Maine 04112-0586
(207) 774-4000
rwertheimer@verrilldana.com

and

Paul W. Shaw, BBO # 455500
VERRILL DANA, LLP
One Boston Place, Suite 1600
Boston, MA 02108
(617) 309-2600
pshaw@verrilldana.com

DEFENDANTS LIFESPAN
CORPORATION, RHODE ISLAND
HOSPITAL and MICHAEL SUSIENKA

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2018, I electronically filed this document with the Clerk of Court using the CM/ECF System, which I understand will send notification of the filing to all counsel of record.

/s/ Rachel M. Wertheimer
Rachel M. Wertheimer

12320018_1